**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **DARREN D. MINOR,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:04-CV-0819-A |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION,** § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Darren D. Minor, TDCJ-ID #1052801, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Colorado City, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

In June 1999, Minor was charged with the murder of Bobby Nelson in the Criminal District

Court Number Two of Tarrant County, Texas. (Clerk's R. at 3.) His jury trial commenced in July 2001, and the testimony established that, on December 23, 1998, Minor and his girlfriend, Nicole Tinsley, went to Nelson's house to see a mutual acquaintance, Carl Porter. Minor and Porter argued about money, and Nelson interjected. A fight ensued. After the fight, Minor walked outside to his van with Tinsley. Nelson followed. Minor retrieved a sawed-off shot gun from his van and shot Nelson, who later died from the gunshot wound. Minor said he shot Nelson in self-defense. The jury found Minor guilty of murdering Nelson but that he had acted in sudden passion arising out of an adequate cause and assessed his punishment at eighteen years' confinement. (*Id.* at 317.)

Minor appealed his conviction, but the Second District Court of Appeals affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Minor's petition for discretionary review. *Minor v. Texas*, 91 S.W.3d 824 (Tex. App.–Fort Worth 2002); *Minor v. Texas*, PDR No. 051-03. Minor did not seek writ of certiorari. (Petition at 3.) He filed a state application for writ of habeas corpus raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order. *Ex parte Minor*, No. 58,984-01, at cover. Minor filed this federal petition for writ of habeas corpus on November 2, 2004.[1]

### D.  ISSUES

Minor contends that he received ineffective assistance of trial and appellate counsel and that his due process rights were violated by introduction of extraneous offense evidence during the punishment phase of trial. (Petition at 7.)

---

[1] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

E.  RULE 5 STATEMENT

Dretke believes that Minor has sufficiently exhausted his state remedies with regard to the claims raised as required by 28 U.S.C. § 2254(b)(1).  (Resp't Answer at 3.)

F.  DISCUSSION

1.  Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485.  Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.  28 U.S.C. § 2254(e)(1).  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated

3

on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

## 2. Ineffective Assistance of Counsel

Minor contends he received ineffective assistance of counsel at trial and on appeal. A criminal defendant has a constitutional right to the effective assistance of counsel at trial and on a first appeal as of right. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Anders v. California*, 386 U.S. 738, 744 (1967). An ineffective assistance claim is governed by the standards set forth in *Strickland v. Washington*. 466 U.S. at 668. *See also Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001) (applying the *Strickland* standard to ineffective assistance claims against appellate counsel). To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697.

In applying this standard, a court must indulge a strong presumption that counsel's conduct

4

fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a petitioner's ineffective assistance claims have been reviewed on their merits and denied by the state's highest court, federal habeas relief will be granted only if the state court's decision was contrary to or involved an unreasonable application of the standard set forth in *Strickland*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Santellan v. Dretke*, 271 F.3d 190, 198 (5th Cir. 2001).

Minor asserts that his trial counsel was ineffective by failing (1) to object and use a peremptory challenge against prospective juror Hurtado, (2) to investigate and interview material witnesses, (3) to prepare for trial, (4) to introduce photos of drugs and drug paraphernalia found on the victim, (5) to properly object to jury argument, and (6) to move for dismissal of juror Mkhail. He asserts that his appellate counsel was ineffective by failing to raise his ineffective assistance claims on appeal. (Petition at 7, Pet'r Memorandum of Law at 4-6.)

Minor asserted his claims in his state writ application, which was denied by the Court of Criminal Appeals without express findings of fact or written order. (State Habeas R. at 7, 16-28.) *Ex parte Minor*, 59,282-01, at cover. As previously noted, this constitutes an adjudication on the merits of the claims and is entitled to the presumption of correctness. *See Neal*, 286 F.3d at 235. Under these circumstances, this court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied, and imply fact findings consistent with the state court's disposition. *Townsend v. Sain*, 372 U.S. 293, 314

5

(1963)[2]; *Catalan v. Cockrell*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Goodwin v. Johnson*, 132 F.3d 162, 183 (5th Cir. 1997). Applying these principles and having independently reviewed each of Minor's ineffective assistance claims in conjunction with the state court records, it does not appear that the state court's application of *Strickland*'s attorney-performance standard was objectively unreasonable.

Minor contends counsel was ineffective by failing to object for cause or to use a peremptory challenge against prospective juror Hurtado, who stated during the state's voir dire that he did not feel like being on a jury and that he did not think he would be fair, thus denying him a fair and impartial trial. (2Reporter's R. at 112.) The record is silent as to why counsel failed to question, challenge for cause, or use a peremptory challenge on Hurtado, however, we may presume counsel's decision in this regard was a reasonable trial strategy. *See Teague v. Scott*, 60 F.3d 1167, 1172 (5th Cir. 1995). Further, Hurtado's statements, at face value, do not establish that he was, in fact, biased. His remarks reflect no specific bias or prejudice in favor of or against the defense or against any of the law applicable to the case. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(9), (c)(2) (Vernon 1989 & Supp. 2005). Nor did he indicate any bias or prejudice in response to questions to the venire as a whole regarding the ability to be fair and impartial. Thus, Minor cannot establish that Hurtado was actually biased or that his presence somehow tainted the jury. Absent such a showing, Minor cannot satisfy the prejudice prong of *Strickland*. *See Teague*, 60 F.3d at 1172-73; *Clark v. Collins*, 19 F.3d 959, 965 (5th Cir. 1994); *Cordova v. Johnson*, 993 F. Supp. 473, 531-32 (W.D. Tex. 1998).

Minor contends counsel was ineffective by failing to interview and investigate the

---

[2]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

whereabouts of material witnesses Nicole Tinsley, Frankie Gilmore, and Harry Singleton before trial and to call them as witnesses during trial to corroborate his defense of self-defense. (Pet'r Memorandum of Law at 9-11.) Counsel has a duty to conduct a reasonable pretrial investigation into the facts of a criminal case, which might necessarily include locating and interviewing potential witnesses. *See Strickland*, 466 U.S. at 691. In this case there is nothing in the record to reflect the nature and extent of trial counsel's pretrial investigation. The record does reflect that the state provided the defense with copies of Singleton's and Tinsley's written statements and Gilmore's deposition, as well as a witness list including Singleton's, Tinsley's, and Gilmore's names, addresses, and phone numbers. (Clerk's R. at 82; Pet'r Memorandum of Law, Exhibits A-C; State Habeas R. at 33-41.) It impossible to determine, however, whether counsel attempted to contact and interview these witnesses before trial, whether the witnesses continued to reside at those addresses, or whether the witnesses were available and would have agreed to be questioned by counsel beforehand.

Further, complaints of uncalled witnesses are not favored on habeas review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified to are largely speculative. *See Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981); *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To prevail on such a claim, a petitioner must show that the witness's testimony would have been favorable and that the witness would have testified. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) Although the witnesses' version of the events arguably support Minor's defensive theory, the record reflects that counsel choose not to call at least one of the witnesses, Tinsley, because of the fear that the state would elicit testimony regarding an extraneous offense on cross-examination. (4Reporter's R. at

7

92; Clerk's R. at274.) As to the other two witnesses, Minor has provided no proof, by affidavit or otherwise, to indicate that they would have been available and willing to testify on his behalf. *See United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983).

Minor contends counsel was ineffective by failing to introduce photographs of drugs and paraphernalia found on the victim. (Pet'r Memorandum of Law at 11 & Exhibit D.) It does not appear that trial counsel attempted to introduce actual photos, however, counsel did attempt to introduce into evidence the "Investigator's Report" from the Tarrant County Medical Examiner's Office reflecting that, while preparing Nelson's body for autopsy, the chief forensic death investigator found two hard rock-like substances believed to be crack cocaine and a metal tube. (3Reporter's R. at 242-45, 50-53; 8Reporter's R., Defendant's Exhibit 8.) Nevertheless, evidence that Nelson had alcohol and cocaine in his system at the time of his death was already admitted into evidence. (3Reporter's R. at 235.) Thus, even if counsel's alleged omission amounted to deficient performance, Minor cannot show he was prejudiced.

Minor contends that the trial court erred in allowing improper jury argument and that his trial counsel was ineffective by failing to properly object to the argument. (Pet'r Memorandum of Law at 11-13.) Minor appears to complain of three instances. In the first instance, the state argued that "it's a tactical decision to *force* the Defendant on the stand if he so chooses, and in this case, he did choose." (4Reporter's R. at 198.) Defense counsel urged that the argument implied Minor had been forced to testify as opposed to voluntarily taking the stand, but the trial court overruled the objection. In the second instance, the state argued: "And probably the most important evidence goes to credibility of this man right here. And it's the *letter* - -." (*Id.* at 200-01.) The letter referred to by the prosecutor had not been admitted into evidence, and the trial court sustained defense counsel's

8

objection. In the third instance, the state argued:

> Another - - there's a couple of things a Defendant can't get around either. The Fishers, the neighbors, Pam and Tony Fisher, they saw this Defendant out there. They didn't know it was him particularly, but we know it is because that's not really an issue. But they didn't see a gun. They went up to Bobby's body right away. They didn't see a knife next to the body, and they were the first ones at that body. And - - or at least Tony was. Pam was probably a little bit after that.
> There was no weapon by Bobby's body. They also saw - - or at least Tony saw him go into the house, which he said he didn't do, and he was carrying the weapon at the time. . . . (*Id.* at 204.)

Counsel objected on the basis that the argument misstated Tony Fisher's testimony. (*Id.*) The court overruled the objection and instructed the jury to recall the testimony. (*Id.*)

In habeas corpus proceedings, improper jury argument during a state trial does not present a claim of constitutional magnitude unless it is so prejudicial that the petitioner's trial was rendered fundamentally unfair. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Ortega v. McCotter*, 808 F.2d 406, 407 (5th Cir. 1987); *Felde v. Blackburn*, 795 F.2d 400, 403 (5th Cir. 1986). To establish that a prosecutor's remarks are so inflammatory as to prejudice a defendant's substantial rights, the petitioner must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that there is a reasonable probability that but for the remarks no conviction would have occurred. *See Felde*, 795 F.2d at 403. A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *See Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992).

Even assuming the prosecutor's statements to be improper, the complained-of argument does not rise to the level of constitutional magnitude. Minor has neither alleged nor demonstrated persistent misconduct on the part of the prosecutor, and the evidence of his guilt was substantial. Minor admitted that he shot Nelson, but maintained that he did so in self-defense. The prosecutorial

9

remarks were not of such a nature to create a reasonable probability that they would alter the outcome of his trial–i.e., that the jury would have accepted Minor's self-defense theory and acquitted him in the absence of the improper argument.

Minor contends counsel was ineffective by failing to object to a juror who did not want to participate in the deliberations on punishment. (Pet'r Memorandum of Law at 13-15.) Apparently, at some point during trial juror MkHail, believed to be Vietnamese, approached the trial court's bailiff and indicated in broken English that he was scared and didn't want to talk, answer questions, or "sit in the chair." (4Reporter's R. at 213; 6Reporter's R. at 11-14.) Defense counsel was informed of the communication and requested a hearing on the matter, which was held at the conclusion of the trial proceedings. Minor contends counsel was ineffective by failing to object to the juror because he could not be fair and did not understand or speak the English language and because his vote was not voluntary. (Pet'r Memorandum of Law at 14.) The exact meaning of the juror's communication or whether the communication between the juror and the bailiff was material or prejudicial to Minor's case is unclear from the record. However, the record does reveal that the juror did not indicate at any time during voir dire that he could not read and speak English or that he could not be a fair and impartial juror. (2Reporter's R. at 33.) To the contrary, he answered and asked questions in English and answered affirmatively when asked if he could hold the state to its standard of proof and consider the full range of punishment. (*Id.* at 128, 169, 190.) Further, when polled, the juror indicated that the jury's unanimous verdict reflected his own verdict in both phases of Minor's trial. (4Reporter's R. at 210; 6Reporter's R. at 5.)

Finally, Minor contends appellate counsel was ineffective by failing to raise his ineffective assistance claims on appeal. As a matter of state law, however, a postconviction habeas corpus

10

application, and not direct appeal, is generally the appropriate vehicle for bringing forth an ineffective assistance claim. *See Robinson v. Texas*, 16 S.W.3d 808, 810-11 (Tex. Crim. App. 2000); *Thompson v. Texas*, 9 S.W.3d 808, 813-14 n.5-6 (Tex. Crim. App. 1999).

### 3. Article 37.07

Minor contends article 37.07 of the Texas Code of Criminal Procedure, which allows the state to present evidence of unadjudicated offenses during the punishment phase, violates his constitutional rights. (Pet'r Memorandum of Law at 17.) The Fifth Circuit has held that the admission of extraneous offense evidence during the punishment phase of a capital murder trial does not implicate federal constitutional concerns. *See Harris v. Johnson*, 81 F.3d 535, 541 & n.22 (5th Cir. 1996). There is no reason why a different result is warranted in a noncapital case.

## II. RECOMMENDATION

Minor's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 2, 2005. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. §

636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 2, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 12, 2005.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE